MARY M. BOHNER v. GEORGE W. BOHNER.

FILED OCTOBER 15, 1895.    No. 4919.

1. **Witnesses:** HUSBAND AND WIFE.    Except in an action for
divorce, and in a criminal proceeding for a crime committed by
the husband against her, the wife can in no case testify against
her husband. *Greene v. Greene,* 42 Neb., 634, followed.

2. **Crime:** DEFINITION.    A crime is a wrong of which the law

Bohner v. Bohner.

takes cognizance as injurious to the public, and punishes in a criminal proceeding in the name of the state.

3. **Slander**: CHARACTER OF OFFENSE.  Verbal slander, though a tort for which an action will lie in behalf of the party slandered is not a crime under our statutes, and a person cannot be punished therefor by a criminal proceeding at the suit of the state.

4. ———: DAMAGES: HUSBAND AND WIFE.  Whether an action at law for damages can be maintained by a wife against her husband for verbally slandering her, not decided.

ERROR from the district court of York county.  Tried below before BATES, J.

*Harlan & Harlan*, for plaintiff in error.

*Sedgwick & Power, contra.*

RAGAN, C.

Mary M. Bohner sued George W. Bohner for damages for slander in the district court of York county.  The parties were husband and wife and such fact appeared from the pleadings.  A jury was impaneled to try the issues and Mrs. Bohner was called as a witness to testify in her own behalf.  The husband objected to his wife being permitted to testify.  The court sustained the objection and the wife excepted.  Mrs. Bohner then made the following offer: "Plaintiff offers to prove by this witness, Mary M. Bohner, that the allegations and facts set forth in her petition in this case are true, and that the statements therein alleged to have been made by George W. Bohner in the defamation of her character were made as alleged."  To this offer the husband of the plaintiff objected.  The court sustained the objection and the wife excepted.  No other witness was called by Mrs. Bohner, nor did she make any offer to prove the allegations of her petition by any other person whomsoever, and thereupon the jury, in obedience to an instruction of the court, returned a verdict in favor of the defendant, the husband, upon which the court entered a

judgment dismissing the wife's action, to reverse which she has prosecuted to this court a petition in error.

1. The record presents but a single question, viz., whether the district court was correct in refusing to permit Mrs. Bohner to testify. Section 331, Code of Civil Procedure, provides: "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other." The wife, therefore, was not a competent witness in this action and the court did not err in refusing to permit her to testify. (See, also, *Niland v. Kalish,* 37 Neb., 47; *Skinner v. Skinner,* 38 Neb., 756; *Greene v. Greene,* 42 Neb., 634.)

2. Counsel for Mrs. Bohner seem to be of the opinion that she was a competent witness in the case because slander or defamation of character, being an actionable tort, should be held to be a crime within the meaning of said section 331. But we do not think this contention tenable. "A crime, or misdemeanor, is an act committed or omitted in violation of a public law, either forbidding or commanding it." (2 Blackstone's Commentaries, book 4, p. 3.) In *Re Bergin,* 31 Wis., 386, a crime is defined as follows: "A wrong of which the law takes cognizance as injurious to the public, and punishes in what is called a criminal proceeding prosecuted by the state in its own name or in the name of the people or the sovereign." Verbal slander, though a tort for which an action will lie in behalf of the party slandered, is not made a crime under our statutes, and a person cannot be punished therefor by a criminal proceeding at the suit of the state.

3. The case has also been argued here upon the theory that the district court held that a wife could not sue her husband at law for damages for slander; but the record fails to disclose that that question was presented to and passed upon by the district court. The district court ruled,

and properly, that the wife was not a competent witness in the action, as it was against her husband, and as she produced no other witness and offered no other testimony to support the allegations of her petition, there was nothing left for the court to do but to instruct the jury to return a verdict in favor of the husband and to enter a judgment dismissing her action.    Whether therefore an action at law for damages for verbal slander can be maintained by a wife against her husband we do not decide.    The judgment of the district court is

AFFIRMED.