STUDEBAKER BROS. MANUFACTURING COMPANY, APPELLANT, v. MERRITT D. WELCH ET UX., APPELLEES, AND WILLIAM A. SAYERS ET AL., APPELLANTS.

FILED APRIL 21, 1897. No. 7164.

1. **Husband and Wife:** PROCEEDS OF ENDOWMENT POLICY: CLAIMS OF CREDITORS. An endowment policy was taken out by a husband, which was made payable to his wife. The premiums thereon were

paid by him and likewise the money due on the policy was re-
ceived by the wife from the insurance company during the sol-
vency of the husband, and the money so received was invested
in real estate in her name. Subsequently the husband became
insolvent. *Held,* That such property was not subject to the claims
of his creditors.

2. ——: GIFTS. A gift from a husband to his wife will be upheld, if
made when the former was solvent, and the existing rights of
creditors were not thereby impaired.

APPEAL from the district court of Lancaster county.
Heard below before TIBBETS, J. *Affirmed.*

*Ricketts & Wilson, J. C. Johnston,* and *S. B. Iiams,* for
appellants.

*Lamb & Adams, contra.*

NORVAL, J.

This action was instituted by plaintiff to subject certain
real estate to the payment of its two judgments recovered
against the defendant Merritt D. Welch. Subsequently,
William A. Sayers and A. R. Scoville filed an answer and
cross-petition praying that a judgment recovered by them
against said Welch be adjudged a lien on the said prop-
erty, and that the same be sold upon execution to satisfy
the judgment. From a decree dismissing the petition
and cross-petition plaintiff and the defendants Sayers and
Scoville appeal.

The facts may be summarized as follows: The defend-
ants Merritt D. Welch and Lizzie C. Welch are, and have
been since 1872, husband and wife. In July, 1893, plaint-
iff recovered two judgments in the county court of Lan-
caster county against said Merritt D. Welch, one for
$506.43 and costs, and the other in the sum of $499.15, be-
sides costs of suit. Transcripts of these judgments were
duly filed and docketed in the district court of said
county, and executions were issued thereon, which were
returned *nulla bona.* Subsequently, alias executions were
issued and levied upon lots 7, 8, and 9, in block 4, of
Pleasant Hill subdivision of lots 3, 4, 5, and 6, in the

northeast quarter of section 36, town 10, range 6 east, in Lancaster county, as the property of said Merritt D. Welch, the title of record to which property being in the name of his wife. On April 21, 1892, the defendants Sayers and Scoville obtained a judgment against said Welch in the district court of Lancaster county for $889.60 and $48.05 costs, upon which execution was issued and returned unsatisfied. A second execution was thereafter issued on said judgment, and levied upon the premises above described. It is sought by these proceedings to have said property subjected to the payment of said several judgments, the creditors claiming that the money with which the same was purchased belonged to the husband, and not the wife, which position is assailed by the Welches. There is no conflict in the evidence relating to the ownership of the premises in controversy. It is disclosed that in 1873 Mr. Welch procured a tontine policy on his life for $4,000, in the New York Life Insurance Company, maturing in ten years from date, and payable to his wife. He paid the premiums on the policy until 1883, when it matured, and the company then paid to Mrs. Welch on the policy $1,200, or $1,300, her husband being free from debt at the time. This money Mr. Welch loaned for his wife until April 23, 1885, when the principal and interest went to purchase four lots owned by Samuel S. Chase, who on that date, his wife joining with him, executed and delivered a deed conveying said lots to said Lizzie C. Welch. At that time Mr. Welch was neither indebted to the plaintiff, nor to Sayer and Scoville. On September 28, 1891, the Chase property was traded for the premises in dispute; the title to the latter, through mistake, was taken in the name of Mr. Welch, who, on the same day, by deed of general warranty, conveyed the property to his wife, both deeds being filed for record on said date. Subsequently, the indebtedness was contracted upon which plaintiff's judgments were obtained. It is argued by appellants that the money received from the insurance company was the money of Mr. Welch, and

when invested in the Chase property Mrs. Welch held the legal title for her husband, and *Talcott v. Field*, 34 Neb., 611, is cited in support of the contention. In that case it was decided that an endowment policy taken out by a husband and payable to his wife is in effect a loan or investment, and where the premiums have been paid for an insolvent debtor, the money received by the wife on such policy during the lifetime of her husband is liable to the claims of his creditors. That case lacks analogy, since Mr. Welch was not insolvent, nor, so far as this record shows, was he indebted to the extent of a farthing, when he paid the premiums on the policy, while the rule announced in *Talcott v. Field* is limited in its application in express terms to suits where the premiums have been paid by an insolvent debtor. The case in hand more nearly resembles *Dayton Spice-Mills Co. v. Sloan*, 49 Neb., 622, where a similar transaction between husband and wife was upheld. Mr. Welch being solvent when he paid the premiums, and at the time the insurance company paid the money, he had a perfect right to make an absolute gift of the same to his wife as he did, and it is not rendered invalid by the subsequent insolvency of the debtor husband. The gift of the money to Mrs. Welch was fully consummated, and it is sustainable in equity. (*Dayton Spice-Mills Co. v. Sloan, supra.*) Mr. Welch paid no portion of the consideration for the property herein involved so far as this record discloses. The title to the premises, when the indebtedness was contracted upon which the judgments were rendered, was in the name of the wife; and she had been the owner of the Chase property, which was exchanged for these premises, nearly five years prior to the giving of the note which was the foundation of the Sayer and Scoville judgment. The fact that Mr. Welch was indebted to them at the time he executed the deed to his wife is not important. She having paid the consideration for the property, was the equitable owner thereof; hence it was not liable for his debts. The decree is

AFFIRMED.