## HARRY TRAYER ET AL. V. NORA SETZER.

### FILED DECEMBER 21, 1904.   No. 13,563.

1. **Husband and Wife:** ACTION. In this state the common law disability of husbands and wives to maintain suits at law against each other upon contracts between them has been removed by statute.

2. **Illegitimate Children.** The marriage of the parents of illegitimate children does not legitimate the latter, except upon the conditions prescribed by section 31, chapter 23 of the Compiled Statutes.

3. ———: SUPPORT: BOND. · The moral obligation of the father of illegitimate children to provide for their support is a sufficient consideration for his bond so to do.

4. **Bastardy:** FRAUD. Bastardy proceedings begun against the father are not abated by his fraudulent marriage with the mother not consummated by cohabitation with but followed by immediate abandonment of her.

ERROR to the district court for Nemaha county: JOHN S. STULL, JUDGE. *Affirmed.*

*John C. Watson* and *B. F. Neal,* for plaintiffs in error.

*J. S. McCarty* and *H. A. Lambert, contra.*

AMES, C.

The facts in this case are not in dispute and are narrated in the brief of plaintiff in error as follows:

"As appears by the petition filed in the court below the defendant in error, Nora Setzer, commenced before the county court against Henry Trayer, one of the plaintiffs in error, a prosecution for bastardy. The bastardy complaint was filed on the 17th day of January, 1902, by Nora Setzer, the defendant in error, whose name was at the commencement of this action in the district court, Nora Trayer. On the 2d day of February, 1902, the prosecutrix was delivered of twins. That on the 31st day of January, 1903, the prosecutrix and the said Harry Trayer

were married and the bonds of matrimony had never been dissolved. That after the marriage it was brought to the attention of the district court for Nemaha county that the said Harry Trayer refused to live and carry out his marriage vows with his then wife, and he, Harry Trayer, 'was brought into court where he appeared with his attorneys in open court at the regular February, 1903, term, thereof, and on said bastardy proceedings being called up and coming on for trial, he pleaded guilty thereto and in open court admitted that he was the father of said children,' whereupon the court adjudged the said Harry Trayer to be the father of said bastards and required him to enter into a bond with sureties for the payment of $1,000 for their support and maintenance, and thereupon the bond in suit was entered into by the defendants (plaintiffs in error) as such sureties. Thereafter, to wit, on the 16th day of May, 1903, the plaintiff instituted this action against the said Harry Trayer and his bondsmen, John Trayer and Albert Moody, plaintiffs in error herein. The plaintiffs in error answered, and the defendant in error replied thereto, setting up the above facts. The plaintiffs in error filed a motion for judgment upon the pleadings, which motion was overruled, and the court then permitted the plaintiff to call a jury, prove her bond, and entered judgment thereon. Plaintiffs in error filed motion for a new trial which was overruled. This action is brought to reverse the aforesaid proceedings."

No objection was made in the district court to the prosecution of the action in the name of Nora Setzer instead of that of Nora Trayer, and as such an objection is merely formal and not affecting the merits, it cannot be made for the first time in this court. It cannot be doubted that the plaintiff is the person for whose use and benefit the bond was given and is the real party in interest, whatever may be her true name.

It is urged by plaintiffs in error that husband and wife are, in legal contemplation, but one person, and are incompetent to sue each other at law, but this court in *May*

*v. May*, 9 Neb. 16, decided that question the other way, and it is not worth while to reopen the discussion.

It is next contended that the marriage of the parties legitimized their offspring; and that a wife cannot maintain a proceeding in bastardy against her husband to compel obedience by him to his marital obligations. We think, however, that section 31, chapter 23, of the Compiled Statutes, 1903 (Annotated Statutes, 4931), expressly negatives the idea that under circumstances like those in this case the marriage legitimizes the offspring. To accomplish that end the parents must, after the marriage, have had other children, and the father must have adopted the bastard into his family or acknowledged him in writing signed in the presence of a competent witness. This statute has, it is true, direct reference only to title to property by descent, but it is the only statute in this state relating to legitimation, and may fairly be taken as expressive of legislative policy with reference to the whole subject. None of these conditions is satisfied in this instance. Trayer has never cohabited with the plaintiff as her husband, or contributed toward her support or that of her children, and his nominal marriage to her was evidently a fraudulent device to defeat the proceeding in bastardy. To allow this defense would be to permit him to perpetrate a barefaced fraud not only upon the mother, but upon the public who are entitled to be protected from the consequences of his wrong doing. All the authorities cited by plaintiffs in error are either from states in which the wife is under a legal disability to sue her husband at law, or are cases in which the offspring had been legitimated in accordance with a local statute. Such authorities are, of course, not in point.

Plaintiffs in error do not deny that, but for the foregoing objections, the instrument sued upon is valid and enforceable, and no reason occurs to us why it is not so. The father is under a moral obligation to support his children, and that duty alone, even in the absence of the bastardy statute, is without doubt a sufficient consideration

for a bond conditioned for its performance. The practical situation in this case is not different to what it would have been if the marriage had not taken place, and it would be a reproach to the law if the defendant in error and the public are both without remedy.

We recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.