MAE ELIZABETH EMERSON, APPELLANT, V. WESTERN SEED & IRRIGATION COMPANY, APPELLEE.

FILED NOVEMBER 10, 1927.   No. 24849.

*Abbott & Dunlap,* for appellant.

*J. C. Cook, contra.*

Heard before GOSS, C. J., ROSE, DAY, THOMPSON and EBERLY, JJ., RAIT and SHEPHERD, District Judges.

RAIT, District Judge.

On rehearing of an affirmance, entered without opinion, of an appeal from dismissal by trial court following order sustaining demurrer to petition.

The petition states that the plaintiff was injured through the negligent driving by her husband of an automobile; that the automobile was the property of the defendant and was being operated in the conduct of its business by her husband as an employee and agent of defendant, and that defendant knew that she was accompanying her husband and consented thereto.

The question presented is whether an employer is liable to the wife, where the negligence of the husband and employee was the cause of her injuries.

This question is new in this state, but has been presented on many occasions in other courts and involves always the construction of local legislation respecting the purpose and scope of statutes granting new rights to or removing the

common-law disabilities from married women. While purely a question of local law, the statutes of all the states have some similarity in language and clearly have a common object in the removal of the disabilities of married women and the placing of both sexes in equality respecting their rights and the manner of enforcing them.

The Nebraska statutes are as follows (Compiled Statutes 1922):

Section 8529. "A woman may while married sue and be sued, in the same manner as if she were unmarried."

Section 8530. "If a husband and wife be sued together, the wife may defend for her own right; and if the husband neglect to defend, she may defend for his right also."

Section 1241. "And any married woman may devise and dispose of any real or personal property held by her, or to which she is entitled in her own right, by her last will and testament, in writing, and may alter or revoke the same in like manner that a person under no disability may do, and subject to the same restrictions."

Section 1509. "The property, real and personal, which any woman in the state may own at the time of her marriage, and the rents, issues, profits, or proceeds thereof, and any real, personal, or mixed property, which shall come to her by descent, devise, or the gift of any person except her husband, or which she shall acquire by purchase or otherwise, shall remain her sole and separate property, notwithstanding her marriage, and shall not be subject to the disposal of her husband, or liable for his debts: Provided, all property of a married woman not exempt by law from sale on execution or attachment, shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same."

Section 1510. "A married woman, while the marriage relation subsists, may bargain, sell and convey her real and personal property, and enter into any contract with refer-

ence to the same in the same manner, to the same extent, and with like effect as a married man may in relation to his real and personal property."

Section 1511. "Any married woman may carry on trade or business, and perform any labor or services on her sole and separate account; and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property, and may be used and invested by her in her own name."

Section 1512. "Any woman who shall have been married out of this state, shall, if her husband afterwards becomes a resident of this state, enjoy all the rights as to property which she may have acquired by the laws of any other state, territory, or country, or which she may have acquired by virtue of any marriage contract or settlement made out of this state."

Section 8837. "The husband can in no case be a witness against the wife, nor the wife against the husband, except in a criminal proceeding for a crime committed by the one against the other, but they may in all criminal prosecutions be witnesses for each other: Provided, however, the wife shall be a competent witness against the husband in all prosecutions arising under section thirty-nine of the Criminal Code (9584)."

These statutes have been interpreted by this court in the following cases:

*Aultman, Taylor & Co. v. Obermeyer,* 6 Neb. 260;

*Dayton Spice-Mills Co. v. Sloan,* 49 Neb. 622;

*First Nat. Bank v. Havlik,* 51 Neb. 668;

*Studebaker Bros. Mfg. Co. v. Welch,* 51 Neb. 228;

*Godfrey v. Megahan,* 38 Neb. 748;

*Trayer v. Setzer,* 72 Neb. 845;

*Bohner v. Bohner,* 46 Neb. 204;

*Dunn v. Bozarth,* 59 Neb. 244;

*In re Estate of McCormick,* 100 Neb. 669;

*Greene v. Greene,* 42 Neb. 634;

*Stenger Benevolent Ass'n v. Stenger,* 54 Neb. 427;

*Kerner v. McDonald,* 60 Neb. 663;

*Smith v. Dean,* 15 Neb. 432;

*Goken v. Dallugge,* 72 Neb. 16.

In other jurisdictions statutes somewhat similar have been construed:

*Strom v. Strom,* 98 Minn. 427, 6 L. R. A. n. s. 192;

*Peters v. Peters,* 42 Ia. 182;

*Freethy v. Freethy,* 42 Barb. (N. Y.) 641;

*Longendyke v. Longendyke,* 44 Barb. (N. Y.) 366;

*Bandfield v. Bandfield,* 117 Mich. 80, 40 L. R. A. 757;

*Main v. Main,* 46 Ill. App. 106;

*Nickerson v. Nickerson,* 65 Tex. 281;

*Peters v. Peters,* 156 Cal. 32, 23 L. R. A. n. s. 699;

*Thompson v. Thompson,* 218 U. S. 611, 30 L. R. A. n. s. 1153;

*Lillienkamp v. Rippetoe,* 133 Tenn. 57, L. R. A. 1916B, 881;

*Abbott v. Abbott,* 67 Me. 304;

*Schultz v. Christopher,* 65 Wash. 496, 38 L. R. A. n. s. 780;

*Keister v. Keister,* 123 Va. 157, 1 A. L. R. 439;

*Austin v. Austin,* 136 Miss. 61, 33 A. L. R. 1388;

*Heyman v. Heyman,* 19 Ga. App. 634;

*Woltman v. Woltman,* 153 Minn. 217;

*Oken v. Oken,* 44 R. I. 291;

*Brown v. Brown,* 88 Conn. 42, 52 L. R. A. n. s. 185;

*Mathewson v. Mathewson,* 79 Conn. 23, 5 L. R. A. n. s. 611;

*Muller v. Witte,* 78 Conn. 495;

*Fiedler v. Fiedler,* 42 Okla. 124, 52 L. R. A. n. s. 189;

*Gilman v. Gilman,* 78 N. H. 4, L. R. A. 1916B, 907;

*Sykes v. Speer,* 112 S. W. (Tex. Civ. App.) 422;

*Maine v. Maine & Sons Co.,* 198 Ia. 1278, 37 A. L. R. 161;

*Perlman v. Brooklyn City R. Co.,* 191 N. Y. Supp. 891;

*Harvey v. Harvey,* 239 Mich. 142;

*Wait v. Pierce,* 191 Wis. 202;

*Prosser v. Prosser,* 114 S. Car. 45;

*Crowell v. Crowell,* 181 N. Car. 66;

*Johnson v. Johnson,* 201 Ala. 41.

An examination of the decisions of other jurisdictions discloses a great weight of opinion opposed to opening a field of litigation between spouses in tort actions by means of judicial interpretation and without unmistakable legislative action. The procedural difficulties, the dangers of disrupting the secrecy and serenity of marital relations, the avenue for fraud, the startling innovation in permitting such controversies, and the lack of clear legislative indorsement have all been assigned as ample reasons for the refusal of the courts to sanction, by supplying statutory interpretation, a new form of litigation manifestly requiring unequivocal legislation for its existence. An illustration of this reluctance is found in *Thompson v. Thompson,* 218 U. S. 611, where the statutes under consideration come close to an authorization. The opinions cited from other jurisdictions give all the reasons that may well be urged from either viewpoint and need not be repeated here.

The Nebraska decisions are confined to contract actions and such other actions as are expressly authorized by statute. The legislation of this state apparently was designed to remove disabilities from married women, so as to place the sexes in equal position before the law. This was fully attained. The husband may not sue the wife for tort. Both spouses have the same disability and the equality is complete. If this situation is to be disturbed, the change should come by legislation.

Although the statutes authorize suits against third persons, the question now arises whether they may be maintained in cases where they are grounded upon the negligence of the husband when employed by the third person. The employee is liable to the employer for his negligence.

In *Doremus v. Root,* 23 Wash. 710, 54 L. R. A. 649, it is said: "The act of an employee, even in legal intendment, is not the act of his employer, unless the employer either previously directs the act to be done or subsequently ratifies it. For injuries caused by the negligent act of an employee not directed or ratified by the employer, the employee is liable because he committed the act which caused the injury,

while the employer is liable, not as if the act was done by himself, but because of the doctrine of *respondeat superior,* the rule of law which holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business. The primary liability to answer for such an act, therefore, rests, upon the employee, and when the employer is compelled to answer in damages therefor he can recover over against the employee."

In 18 R. C. L. 502, sec. 13, it is said: "An employee is directly liable to his employer for any damage occasioned by his negligence or misconduct, whether such damage be direct to the property of the employer, or arise from the compensation which the employer has been obliged to make to third persons for injuries sustained by them."

If recovery may be had by the wife against the employer, and he in turn may recover from the husband-employee, then the family wealth remains the same save as diminshed by the expenses of the litigation. It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement where a frontal attack upon the husband is inhibited. *Maine v. Maine & Sons Co.,* 198 Ia. 1278.

Suits between spouses should be confined as heretofore to those having contractual elements or where there is direct statutory authorization, and suits by a spouse against third persons grounded upon the tort of the other spouse, and without contractual elements, fall in the same category.

AFFIRMED.

GOOD, J., dissents.