## THOMAS RAY MORRIS, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee. —360 S. W. (2d) 776.

Western Section, Jackson. November 30, 1960.

Certiorari Denied by Supreme Court April 5, 1961.

234

Thomas A. Buford, R. L. Pearson, Memphis, for appellant.

Nelson, Norvell & Floyd, John J. Thomason, Memphis, for appellee.

CARNEY, J.   The complainant below, Thomas Ray Morris, appeals from a decree of the Chancery Court dismissing his suit against the defendant insurance company for the recovery of attorneys' fees and costs incurred by the complainant in defending a case in federal court in Memphis wherein the Greyhound Bus Lines impleaded the complainant as a third party defendant as provided by Rule 14 of the Federal Rules of Civil Procedure, 28 U. S. C. A.

There is no controversy about the facts. On February 3, 1957, the complainant, Thomas R. Morris, an assistant football coach at Memphis State University was issued State Farm Mutual Automobile Insurance Company policy No. 690-435-B03-42 which was in force on November 2, 1952, when Mr. and Mrs. Morris were involved in an automobile accident on U. S. Highway 63 some two miles north of Truman, Arkansas.

A Greyhound Bus was stopped on the highway and complainant Morris ran into another automobile which

was immediately in the rear of the Greyhound Bus. Mrs. Morris, wife of the complainant, sustained personal injuries for which she brought suit in federal court in Memphis, Tennessee. She alleged that the driver of the Greyhound bus was guilty of proximate negligence in suddenly stopping the bus on the highway in violation of Section 75-647 of Arkansas Statutes 1947 Annotated. Complainant, Thomas Ray Morris, did not join in his wife's suit.

The Greyhound Corporation, owner of the bus, filed answer to the suit of Mrs. Morris denying negligence and denying any liability. In addition it filed under Rule 14 of the Federal Rules of Civil Procedure a "third party complaint" against the complainant, Thomas Morris, alleging that the proximate cause of the injuries sustained by Mrs. Morris was the negligence of Mr. Morris in driving his automobile into the automobile immediately behind the Greyhound bus. Cross-complainant further set out that the cross action was being brought under the authority of Sections 34-1001 through 34-1008 of the Arkansas Statutes which authorized one tort feasor to seek exoneration or contribution from another tort feasor to the extent the negligence of one tort feasor compared to the negligence of the other. The prayer of the cross-complaint was that the bus company be completely exonerated from liability to Mrs. Morris by a judgment against the complainant, Mr. Thomas Ray Morris, in the full amount which Mrs. Morris might recover against the Greyhound Corporation. In the alternative the cross-complaint prayed that in the event the jury should find both the Greyhound Corporation and Mr. Morris guilty of proximate negligence that the Greyhound Corporation should be granted judgment by way of contribution

against Mr. Morris in the proportion of the judgment, if any, granted to Mrs. Morris which the jury might find the negligence of Mr. Morris bears to the negligence of the Greyhound Corporation.

After this cross-complaint was filed the present complainant, Mr. Morris, notified the defendant, State Farm Mutual Insurance Company, of the filing of said action and asked the company to defend the lawsuit in his behalf under his policy. The company refused to defend and the complainant thereupon employed his own counsel. Ultimately, complainant was successful. Mrs. Morris obtained a recovery by settlement in some amount from the Greyhound Corporation and the cross-complaint of Greyhound Corporation against complainant was dismissed.

Thereupon the complainant brought this suit for the recovery of attorneys' fees and costs in defending the action brought against him by Greyhound Corporation.

The complainant has filed three assignments of error assailing the action of the Chancellor in dismissing his suit.

It is admitted that the policy does not cover injuries sustained by the insured, Mr. Thomas Ray Morris, nor by his wife who instituted the original suit against Greyhound Corporation. However, it was the insistence of the complainant in the court below and again in this court that the policy does require the insurance company to defend the suit which the Greyhound Corporation instituted against the present complainant because of the following language in said policy:

"To defend any suit against the insured alleging such bodily injury or destruction and seeking dam-

ages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient.''

■■ As stated by the Chancellor it seems to be the law in Arkansas that a wife may prosecute an action in tort against her husband. Leach v. Leach, 227 Ark. 599, 300 S. W. (2d) 15. It is conceded that if Mrs. Morris had brought an action directly against her husband for negligence the insurance company would not have been obligated to pay any judgment which she recovered against Mr. Morris nor would it have been obligated to defend such lawsuit.

It is to be noted that the only relief sought by the Greyhound Corporation against the present complainant, Mr. Morris, was that it be completely exonerated against liability to Mrs. Morris or that in the alternative it have contribution from Mr. Morris in paying any judgment which Mrs. Morris might recover for her personal injuries. We concur in the finding of the Chancellor that in effect the action by the Greyhound Corporation served only to make the complainant a co-defendant in the suit brought by his wife for personal injuries. Any judgment which the complainant might have to pay in said action would be all or part of a judgment recovered by his wife for personal injuries.

In our opinion the decisions of our Supreme Court in the cases of Raines v. Mercer, 1932, 165 Tenn. 415, 55 S. W. (2d) 263, and Graham v. Miller, 182 Tenn. 434, 187 S. W. (2d) 622, 162 A. L. R. 571, are controlling of the issues involved on this present appeal.

In the case of Raines v. Mercer the original plaintiff, Miss Pauline Mercer, was injured while riding in an automobile owned by the defendant, J. W. Raines, and driven by his son, William Raines. Suit was brought by Miss Mercer against the owner of the car, Mr. Raines, for the recovery of damages. After suit was brought she married the driver of the car, Bill Raines. Our Tennessee Supreme Court held that defendant's motion to dismiss should have been sustained because the subsequent marriage extinguished the plaintiff's antenuptial right of action for the tort of Bill Raines and therefore her right of action against the father, J. W. Raines, was also extinguished since such action rested upon the doctrine of respondeat superior. In the opinion our Supreme Court said, ''Since the defendant in error could not maintain her action against her husband, alleged to be directly responsible for her injury, she could not avoid the forbidden frontal attack by an encircling movement against Bill's father who had no part in the negligent transaction.''

In the case of Graham et al. v. Miller, 1944, 182 Tenn. 434, 187 S. W. (2d) 622, 162 A. L. R. 571, the plaintiff's intestate, Raymond E. Miller, a 12 year old boy, was run over and killed by a truck of which his father, Ray Miller, was the driver and of which he had charge as employee of J. H. and Paul Graham, owners of the truck.

The mother, as administratrix, brought suit for the death of the boy against the owners of the truck only alleging a defect in the truck as a contributory cause of the injuries. The father and driver of the truck, Ray Miller, was not sued. There was a jury verdict for $2,500.00 affirmed by the Court of Appeals.

From the opinion of Judge Chambliss we quote as follows:

"Being clearly of opinion that this is a case in which the defendants may maintain an action to recover over against the father of this plaintiff's intestate, their joint tort-feasor, it follows automatically that the ultimate effect of the judgment in this case is to fasten upon this parent ultimate liability for this recovery in favor of his child, in contravention of the rule that grants immunity to a parent from such liability.

"Giving application to the rule which denies to a wife recovery against her husband for his tort, in principle analogous to actions by child against parent, we find denial of recovery against the master only rested in several cases upon the ground that the master has a right to recover over against the servant, husband of plaintiff, responsible primarily for the tort (the master being in the relation of surety, as said in Loveman v. Bayless, supra) and in the opinions in these cases the courts approve this language, directly in point here: 'It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement when a frontal attack upon the husband is inhibited,' —a doing by indirection what may not be done directly. Emerson v. Western, etc., Co., 116 Neb. 180, 216 N. W. 297, 299, 56 A. L. R. 327; Doremus v. Root, 23 Wash. 710, 63 P. 572, 54 L. R. A. 649; Riser v. Riser, 240 Mich. 402, 215 N. W. 290; Meece v. Holland Furnace Co., 269 Ill. App. 164. So here, where we hold that defendants, adjudged liable as joint tort-feasors with the father, have a right of recovery over against

the father, to permit a judgment against the defendant joint tort-feasors would be to countenance an encircling movement when a frontal attack upon the parent is inhibited.

"This reasoning is followed in our Tennessee case of Raines v. Mercer, 165 Tenn. 415, 55 S. W. (2d) 263, an action against the owner of a car, by the wife of the driver, Bill Raines, who was the son and agent of the car owner, based on the negligence of the driver, her husband. It is interesting to note that Mr. Justice Cook, writing the opinion in that case, holding that the liability of the owner of the car was derivative only and dependent on the negligence of his agent driving the car, against whom the owner could recover over any damages awarded the plaintiff, followed the reasoning of the foregoing cases. He cited the Emerson and Riser Cases, supra, and, also, Newton v. Weber, 119 Misc. 240, 196 N. Y. S. 113, and said [165 Tenn. 415, 55 S. W. (2d) 264]:

" 'Since the defendant in error could not maintain her action against her husband, alleged to be directly responsible for her injury, she could not avoid the forbidden frontal attack by an encircling movement against Bill's father who had no part in the negligent transaction.'

"Having reached the conclusion that this action, for the reasons stated, is in ultimate effect one for the death of a child against his father, it becomes unnecessary to pass upon other questions presented, and the judgment must be reversed and the suit dismissed."

Therefore we feel constrained to hold that the defendant insurance company was acting within its right in refusing to defend on behalf of the complainant the third party action instituted against him by the Greyhound Corporation. The assignments of error are respectfully overruled and a decree will be entered affirming the action of the Chancellor below. Costs will be assessed against the appellant.

Avery, P. J. (W. S.), and Bejach, J., concur.