Michele McDonald **MELBURN**, Plaintiff,

v.

**H. R. WALKER** and **L. C. Steffens**, **Defendants and Third-Party Plaintiffs,**

v.

**GREAT PLAINS LUTHERAN HOSPITALS, INC., Alma Memorial Hospital, Naomi Hebbard, and Mrs. _____ Bach, First Name Unknown, Third-Party Defendants.**

**Civ. No. 709L.**

United States District Court
D. Nebraska.

Jan. 25, 1968.

No appearance for plaintiff.

Flavel A. Wright, Lincoln, Neb., for defendant and third-party plaintiff H. R. Walker.

Thomas J. Walsh, Omaha, Neb., for defendant and third-party plaintiff L. C. Steffens.

Robert A. Barlow, Lincoln, Neb., for third-party defendant Great Plains Lutheran Hospitals, Inc.

Donald A. Russell, Alma, Neb., Charles E. Kirchner, Omaha, Neb., for third-party defendant Alma Memorial Hospital.

## MEMORANDUM AND ORDER

VAN PELT, District Judge.

This matter is before the court upon the Motion for Summary Judgment of Third Party Defendant Great Plains Lutheran Hospitals, Inc., filing number 39. Briefs were filed, oral argument has been made, and the matter now stands submitted.

The facts, insofar as they are material to this motion, are Plaintiff Melburn filed a complaint against Drs. Walker and Steffens claiming that the defendants performed an operation on plaintiff and negligently left a surgical sponge inside her body. She specified the injuries that resulted from this claimed negligence. The defendants, with the consent of plaintiff, then filed third-party complaints against Great Plains, the Alma Memorial Hospital, and two individuals, Naomi Hebbard and Mrs. Bach. It appears from the file that the two individuals were never served with summons and have never appeared herein. Both third party complaints claim, in substance, that if any negligence occurred to plaintiff's damage, such negligence was a result of the actions of the two individual third-party defendants and their employers. The third party complaint further claims that if the defendants-third party plaintiffs are held liable, it will be only because of their relationship to the third-party defendants and not because of any actual negligence on their part.

Great Plains contends that the third-party complaint should be dismissed because Nebraska law does not recognize contribution among joint tort-feasors.

It cites in support of this claim the cases of Tober v. Hampton, 178 Neb. 858, 874, 136 N.W.2d 194 (1965) and Andromidas v. Theisen Bros., 94 F.Supp. 150 (D.C.1950). If this case was simply one for contribution, the court would agree that the dismissal should be granted. However, the defendants-third party plaintiffs contend that they are not asking for *contribution* but rather that they are seeking *indemnity* from the third-party defendants.

The difference between indemnity and contribution is discussed in the *Tober* case, supra. At 178 Neb. p. 872, 136 N.W.2d p. 203, the Nebraska Supreme Court stated what it considered to be the general accepted definition of indemnity to be as follows: " 'Under Louisiana law, indemnity is restricted to cases where actual fault is attributed to one party and other party is only technically or constructively at fault, and indemnity is never applicable where both parties are actually in the wrong.' " At 178 Neb. p. 873, 136 N.W.2d p. 204, the court stated the rule concerning contribution to be as follows: "[O]ne of several wrongdoers, who has been compelled to pay the damages for the wrong committed, cannot compel contribution from the others who participated in the commission of the wrong."

It appears, therefore, that the third-party plaintiffs' claim is founded upon the theory of indemnification and not contribution, and, if Nebraska allows indemnification, they are entitled to present their claim to the jury if the proof is sufficient to make a prima facie case.

Great Plains contends, however, that Nebraska law does not allow indemnification. It cites, *Andromidas*, supra, and *Tober*, supra. In *Andromidas* it appears that the issue of indemnity was raised. However, the opinion discusses the situation where both parties are negligent and the negligence concurs to cause an accident. This is clearly an issue of contribution and not indemnity. In *Tober* the indemnification issue was presented. The court held that even in those states which allowed indemnifica-

tion, the fact situation at issue in *Tober* would take it out of the principle of indemnity since the person who would be indemnified had been actively negligent. Thus it appears that the court in *Tober* did not decide the issue of whether Nebraska would allow indemnity.

■ This court is of the opinion that when the Nebraska Supreme Court is squarely presented with the issue of whether or not to allow indemnity, it will decide in favor of allowing it, if in fact it has not already been adopted in the decisions mentioned.

The rule allowing indemnity is well recognized and is of widespread acceptance. 42 C.J.S. Indemnity § 21, p. 596; Barber-Greene Company v. Bruning Company, 357 F.2d 31 (8 Cir. 1966). The reasoning behind the rule is that a person who is not negligent but is held liable because of his relationship or status with a tort-feasor should be able to collect from the wrongdoer. In the opinion of this court, this policy will be sufficient to persuade Nebraska courts to adopt indemnity, especially in light of the alternative which is allowing a wrongdoer to escape liability for his wrongs simply because another person, who committed no wrongful act of his own, has been made to respond in damages to the injured party.

In addition, it can be persuasively argued that Nebraska has already adopted the policy of indemnity, in fact if not in name. In Emerson v. Western Seed and Irr. Co., 116 Neb. 180, 216 N.W. 297, 56 A.L.R. 327 (1927), the court adopted the principle of indemnity in a respondeat superior case. That case was a suit by a wife against her husband's employer for injuries she received as a result of a tort committed by her husband during the course of his employment. The court first held that a wife could not sue her husband in tort. The court then said: "If recovery may be had by the wife against the employer, and he in turn may recover from the husband-employee, then the family wealth remains the same save as diminished by the expenses of the litigation. It would seem that to permit a recovery against the employer results simply in countenancing an encircling movement where a frontal attack upon the husband is inhibited." The court affirmed a dismissal of the wife's case.

The same result was reached with regard to the parent-child relationship in Pullen v. Novak, 169 Neb. 211, 99 N.W. 2d 16 (1959). That case was brought by a minor of twenty-one months against his father and his father's employer and a friend who was operating the father's automobile for the benefit of the father in order to provide him a means of returning home after he had returned, as a part of his employment at a service station, a serviced automobile to a customer and ran over plaintiff, who, unnoticed, had walked onto the driveway of his father's home. The court said, "In Emerson v. Western Seed & Irr. Co., supra, we held a married woman could not sue her husband to recover damages for injuries to her person and consequently she could not sue her husband's employer for damages caused by the husband's negligence, * * *. The basis for that holding is the following quoted in that opinion from Doremus v. Root, supra [23 Wash. 710, 63 P. (572) 574 (54 L.R.A. 649)]: 'The primary liability to answer for such an act, therefore, rests upon the employee, and when the employer is compelled to answer in damages therefor he can recover over against the employee.'" The court affirmed dismissal of the case. In the opinion, in discussing the employer's liability, the court said:

"It should be remembered that Boysen's liability, if any, is not that of a joint tort feasor but derivative solely from the liability of Pullen, if any. As we said in Emerson v. Western Seed & Irr. Co., 116 Neb. 180, 216 N.W. 297, 299, 56 A.L.R. 327, by quoting from Doremus v. Root, 23 Wash. 710, 63 P. 572, 54 L.R.A. 649: 'For injuries caused by the negligent act of an employee not directed or ratified by the employer, the employee

is liable because he committed the act which caused the injury, while the employer is liable, not as if the act was done by himself, but because of the doctrine of respondeat superior, the rule of law which holds the master responsible for the negligent act of his servant, committed while the servant is acting within the general scope of his employment and engaged in his master's business.' " (Pullen v. Novak, 169 Neb. 211, at 224, 99 N.W.2d 16, at 25)

The recognition of the right of indemnity to an employer from a negligent employee was essential in both of the above cases in order for the court to reach the conclusion that to allow the action would result in an "encircling" movement or allowing by an indirect action that which could not be done directly. See also the *Barber-Greene* case, supra, at p. 34 of 357 F.2d, a federal court case which arose out of Nebraska and was controlled by Nebraska law.

Indemnity has also been allowed in two other Nebraska cases. In City of Omaha v. Philadelphia Mortgage & Trust Co., 88 Neb. 519, 129 N.W. 996 (1911), although the principle of indemnity was never mentioned, the court allowed a technically negligent party to collect from a primarily negligent one, in the absence of a written contract. In Northern Assurance Co. v. Borgelt, 67 Neb. 282, 93 N.W. 226 (1903) the parties had an express contract for indemnity. However, the court held that every contract of agency has an express or implied provision for indemnity.

■ If the defendant-third party plaintiffs can prove their contentions made against the third-party defendants, then they will occupy a position which is very similar to that of an employer in a respondeat superior case, and should be accorded the same relief as an employer; that is, indemnity from the wrongdoer.

Of course, if it develops at trial that the defendant-third party plaintiffs are entitled to nothing more than contribution, then the third-party defendants may make proper motions to remove themselves from the case.

It is ordered that the Motion for Summary Judgment be and the same is hereby overruled and denied.