Tayloe Paper Company, Inc. and American Mutual Liability Insurance Company,

*v.*

W. F. Jameson Construction Company, Inc.

364 S.W.2d 882.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

LEO BEARMAN, ROBERT M. BURTON, Memphis, for appellant.

JAMES D. CAUSEY, J. HAROLD ELLIS, Memphis, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit was filed by a sub-contractor against the general contractor for contribution on a judgment that was rendered in a Workmen's Compensation case against both the sub-contractor and the general contractor under sec. 50-915, T.C.A., when both of these parties were cast in a Workmen's Compensation action for injuries to an employee of a contractor working under the sub-contractor. The Chancellor held that the sub-contractor was entitled to a judgment against the contractor for one-half of the amount paid on this award by the sub-contractor. Exceptions were taken and the question has been seasonably appealed to this Court, where after hearing argument, reading the briefs and studying the authorities, we now have the matter for disposition.

In 1957 the Memphis Park Commission entered into a contract with W. F. Jameson Construction Company, Inc. (appellant herein) for the construction of a community center and swimming pool at Frayser. Thereafter the general contractor, Jameson, entered into a contract with Tayloe Paper Company, Inc., for the furnishing and installation of basketball backstops and other things in the community center. Tayloe entered into a contract with one A. C. Murrell for the installation of the basketball backstops, etc. One Wells was an employee of Murrell and was injured while on the work involved under this contract. Murrell did not have five employees and thus could not be held for Workmen's Compensation under our Act, therefore pursuant to reasons set forth by this Court in *Bowling v. Whitley*, 208 Tenn. 657, 348 S.W.2d 310, the sub-contractor and general contractor who had

been made parties pursuant to statute (sec. 50-915, T.C.A.) were cast in this lawsuit. After this judgment was rendered an execution was issued and Tayloe paid the entire judgment. The present suit is by this sub-contractor against Jameson, the general contractor for contribution.

■ The statute under which this liability was placed on the sub-contractor and general contractor sec. 50-915, T.C.A., insofar as here pertinent, reads:

"A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer."

The purpose of such a statute is to protect the employees of sub-contractors who are not financially responsible, and to prevent employers from relieving themselves of liability by doing through others what they would otherwise do through direct employees. The reasons are more fully set forth in the Whitley case, above referred to. This statute (sec. 50-915, T.C.A.) has been before this Court at various times, but the question here presented of the rights of one of those cast where they are not the immediate employer has never been determined in this State. Insofar as we can find there are very few reported cases on the question in foreign jurisdictions. We though have found one case which to our mind correctly settles the principles under the terms of this Act. We will hereinafter fully refer to this case.

██ This Court had before it this statute in *Reynolds & Co. v. McKnight*, 177 Tenn. 228, 148 S.W.2d 357, and in that case said:

"The principal contractor and the subordinate contractors being by statute made liable, 'to the same extent' as immediate employer, they are jointly, or jointly and severally, liable, and under Code Section 8611 (now sec. 20-109, T.C.A.) all of them may be sued in the same action."

The case most nearly in point, and which appeals to us in reason and logic, is that of *Johnson v. Mortenson*, 110 Conn. 221, 147 A. 705, 66 A.L.R. 1428, and the question here involved is briefly annotated beginning at page 1433. When running down this annotation through the Blue Books A.L.R., we find that there have been a number of cases over the years referred to in this annotation. We have not had an opportunity to read all of these cases. The reasoning and logic of the Johnson case though is that since the statute of Connecticut does not provide any method whereby the liability as between the contractor and the sub-contractor when cast in a suit of the kind under a similar statute to that here (sec. 50-915, T.C.A.), the question of the right to recover must be determined on equitable principles.

The Johnson case differs from the instant case only in that in the Johnson case an employee of a sub-contractor was injured and in his action, similar to that herein, he recovered Workmen's Compensation against both the sub-contractor and the general contractor. The sub-contractor did not have insurance coverage, and the general contractor was cast in the Workmen's Compensation action. This reported case is a suit of Johnson, the gen-

eral contractor, to recover against this sub-contractor for the award made the employee of the sub-contractor. The Connecticut court discusses various Compensation Acts and points out the differences between some of these different state Acts. It is pointed out that in some states the Act itself imposes primary liability on a sub-contractor as the immediate employer, making the principal contractor only secondarily liable, while others have other provisions. The Connecticut Act made no distinction and in Connecticut the sub-contractor and the general contractor, without distinction between them, were made liable for the compensation to an injured employee very much as our Act does. The Connecticut Court said:

"The object of such provisions as those contained in section 5345 is to afford full protection to workmen, by preventing the possibility of defeating the act by hiring irresponsible contractors or subcontractors to carry on a part of the employer's work. * * * This object in no way concerns the further and distinct consideration— the rights of principals and contractors and subcontractors between themselves."

Our Act makes no provision.

Thus after pointing out various things that the Legislature of Connecticut might have done that court said:

"The answers to the questions reserved must be sought, not through construction of or implication from our Workmen's Compensation Act, but by application of general principles growing out of the relations, to each other, of the parties to this action and the situation resulting from the application of section 5345, as

between them, on the one hand, and the claimants on the other.''

It is then pointed out that the injured employee in that case had no right of recovery against the general contractor and the general contractor had no power of direction over him. The same holds true in the instant case. Jameson, the general contractor, had no right of direction of the injured employee, and neither did the injured employee have any right against Jameson other than that which is given in this Workmen's Compensation statute (sec. 50-915, T.C.A.). The Connecticut court then reasons that this compensation statute, which is very close to our statute, ''evinces, of itself, that no relation exists between a contractor and the employee of a subcontractor which, unaided by the provisions of this section, would involve any right to compensation from the contractor or as an employer of the claimant.''

The rights under our statute making various contractors liable, and jointly and severally liable, is for the benefit of the injured workman, and in no way determines as between them which is primarily liable, because their liability is fixed purely for the injured workman.

The Connecticut court then reasons that as between the sub-contractor and the general contractor the injured employee is the liability of the sub-contractor who was the employer of the injured person, and who should be regarded as primary, and that the general contractor should be regarded as secondary only as between them, and then reasons as between the two that in a sense the general contractor was a surety for the sub-contractor or ''as a 'quasi guarantor for the compensation.' '' citing a Pennsylvania case, *Byrne v. Hitner's Sons Co.*, 290 Pa.

225, 232, 138 A. 826, 828, 58 A.L.R. 865. The reasoning by the court was along this line which seems reasonable to us.

Now take the facts in the instant case. The injured employee was an employee of a sub-contractor under the sub-contractor. When he was injured he secured a judgment, of course as he should, against everybody that he could possibly under the statute make a party defendant thereto, but the one primarily liable to this employee was the sub-contractor under the sub-contractor and when he didn't pay it and then the sub-contractor did, he, the sub-contractor, would have a right of action, it seems to us, back against the immediate employer when he has had to pay out for a statutory liability as this is. This being true, this same reasoning would go to a general contractor wherein a general contractor has had to pay out for injuries to an employee of the sub-contractor as in the Johnson case. So it is that in the present case, the case before us, we are merely going one step further than the Connecticut court did in the Johnson case. In other words, as between the parties in this case it is a stepping stone. The person who should be under reason and right and equity liable is the immediate contractor and when he can't pay it, by statute these others are made liable, but the primary responsibility is on first the employer of the injured employee, then if that employer can't pay him, he must take it a step up. There is no connection between this injured employee and the sub-contractor and the general contractor. They are only connected by reason of the statute.

The Connecticut court quotes from 5 Pom.Eq.Jur., 2nd Ed., pp. 5162, et seq., thus:

"Under the early jurisdiction at law, in the absence of express contracts for indemnity or exoneration, it was left to the caprice of the creditor to determine upon which of several parties bound for the same obligation the burden should fall, the loss being left wherever the creditor, by his choice of a defendant, might put it. This inadequacy of remedy on the part of the victim, and consequent failure of justice, became, however, a ground for the interposition of equity, and the proper readjustment of such burdens was, at an early day, an important field of equitable jurisdiction. The efforts of courts of equity have been directed toward placing the loss as far as possible, on the parties ultimately liable— or as between two or more not ultimately liable, on the party whose liability is prior—and, as between parties equally liable, toward distributing the loss equally among them. The former result is reached by an action for reimbursement, and the latter by an action for contribution. Both of these results are assisted by the action of exoneration, and the remedial process of subrogation. * * * When a party only subsequently liable for an obligation, performs any part of it, he is entitled in equity to be reimbursed or indemnified to the amount of this loss, by any other party to the obligation whose liability is prior to his own. This right is given not only to the strict surety * * * but to a guarantor, a subsurety, suing the principal debtor, or a party not a strict surety, but merely secondarily liable for the debt even ex delicto, in certain cases."

The present action, of course, is converse of the Johnson case. Here in the instant case we have a party who would be liable before the general contractor, that is, the sub-contractor, suing the general contractor, while in the

Johnson case we have just the reverse, the general contractor suing the sub-contractor where the general contractor has paid out the amount. Under the contract as shown by stipulation in this record there is no agreement whereby the general contractor agreed to pay things of the kind for the sub-contractor, nor is it shown that there is any such thing between Murrell, the immediate contractor, and the sub-contractor. But on general principles and equity and right each of these parties should be primarily liable to those immediately under them and there would be no reason or right to say that the one above is liable to the one below. Neither is there any justification for saying that these two people, that is the sub-contractor and the general contractor, should contribute towards the payment of what is the ultimate liability of the immediate employer. The statute does not so make it and under the principles, so to speak the stair-steps of how each one is supposed to look after and take care of those under him the stairs do not work up the other way. If an employee of Tayloe had been injured and Tayloe had not been able to pay this obligation under our statute here in question then Jameson, the general contractor, would have paid and had a right of action back against the sub-contractor to collect this, just as the sub-contractor, Tayloe here, has right of action back against Murrell, that is, to those below him, not to those above him. There is no proper construction, as we see it, to say that they can force contribution from those above because there is no equitable or contractual rights for such an action.

It seems to us, what we have been trying to say in a little bit different manner, that since Jameson, the general contractor, in the first place had a primary duty upon him

in employing sub-contractors to see that they were good and insured and would take care of their employees, and then in turn this same obligation would fall on the sub-contractor to see that the ones that they employed as sub-contractors under them to do equally right in protecting their employees, and thus this would place the sub-contractor in the instant case liable before the general contractor would be liable, that is, as between the contractors in an action of the kind here. Of course, as far as the injured workman is concerned the Act is for his benefit and it doesn't affect the rights as between parties like those we have herein.

The result is that the judgment below must be reversed, and the suit dismissed.