DUFFY BROTHERS CONSTRUCTION CO., INC., AND WESTERN CASUALTY AND SURETY CO., APPELLANTS, V. PISTONE BUILDERS, INC., APPELLEE.

299 N.W.2d 170

Filed December 1, 1980.   No. 42982.

Dustin & Tighe for appellants.

No appearance for appellee Pistone.

Heard before KRIVOSHA, C.J., McCOWN, BRODKEY, and HASTINGS, JJ., and STUART, District Judge.

HASTINGS, J.

Duffy Brothers Construction Co., Inc. (Duffy), has appealed from an order of the District Court for Douglas County, Nebraska, dismissing its petition which sought indemnity from Pistone Builders, Inc. (Pistone). Duffy sued for indemnification for workmen's compensation benefits paid by Duffy to an injured employee of Pistone, Harry N. Spencer, after an award by the Workmen's Compensation Court which found Duffy and Pistone jointly liable for benefits, pursuant to Neb. Rev. Stat. § 48-116 (Reissue 1978). Duffy assigns that the court was in error in failing to find that the plaintiff was entitled to be indemnified for the benefits paid to the injured employee. We reverse and remand.

Spencer was injured while employed as a carpenter for Pistone on a job site where Pistone was a subcontractor for Duffy. Spencer injured the index and middle fingers of his right hand when they were caught in a radial saw, and he was not able to work from February 18, 1978, until June 5, 1978. During this period Pistone paid Spencer his regular wages of $240 per week. After the injury, Spencer was informed that Pistone was not covered by workmen's compensation insurance, and he then brought suit against both Pistone and Duffy. The Workmen's Compensation Court entered an award in favor of Spencer for medical benefits in the amount of $2,140.33, and found that he was entitled to temporary total disability of $140 per week for the 15 weeks that he was off work, and that since

Pistone had paid Spencer his regular wages, it should be given credit to offset the disability payments due. The court further found that the defendants were jointly and severally liable for the award. No finding with regard to permanent partial disability to the hand was made because a doctor's report had not been received by the court.

Duffy entered into an agreement with Spencer in which it paid the medical bills previously ordered by the compensation court, as well as a lump sum amount to Spencer of $3,339. The agreement, entitled "Receipt and Assignment," purported to be a satisfaction of the Workmen's Compensation Court award "for a workmen's compensation injury and claim occurring on February 18, 1978"; an assignment to Duffy of Spencer's claim against Pistone; and a subrogation to Duffy and its insurer of all rights and claims to which Spencer was entitled under the workmen's compensation act that arose from the aforementioned injury. The "Receipt and Assignment" did not explain the lump sum payment. Duffy then brought suit against Pistone for indemnification for the amount paid by Duffy to Spencer in settlement of the claim. It is from a finding for Pistone, and a dismissal of the petition, that Duffy has appealed.

Section 48-116 states, in pertinent part: "Any person, firm or corporation creating or carrying into operation any scheme, artifice or device to enable him, them or it to execute work without being responsible to the workmen for the provisions of this act, shall be included in the term employer, and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act."

Duffy was held liable in the Workmen's Compensation Court under this section as a contractor which let part of its contract to Pistone, as subcontractor, but did not require Pistone to procure workmen's compensation insurance. The statute imposed joint and several liability upon the general contractor, in this

instance, along with the immediate employer, Pistone. Duffy's position is that it should be allowed to recover under a theory of indemnity for the amounts paid. Duffy argues that the immediate employer, Pistone, is primarily liable for the judgment and it, Duffy, is only secondarily liable; therefore, under the principles of indemnity, Pistone should be obligated to reimburse Duffy for the amount of its loss. Pistone did not appear in this court.

In most of the 41 states with statutes imposing liability upon a general contractor in a case like this one, the statute provides that the general contractor is entitled to reimbursement from the subcontractor. 1C Larson, Workmen's Compensation Law § 49-11 (1980). Nebraska has no such statutory provision, and, therefore, it is necessary to examine various legal principles contained in the case law and legal encyclopedias.

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." Restatement of Restitution § 76 (1937).

"The obligation to indemnify may grow out of an implied contractual relation or out of a liability imposed by law. Thus, where one is compelled to pay money which in justice another ought to pay, or has agreed to pay, the former may recover from the latter the sums so paid, unless the one making the payment is barred by the wrongful nature of his conduct." 42 C.J.S. *Indemnity* § 20 (1944). See, also, *National Indem. Co. v. United States*, 444 F. Supp. 1356 (C.D.Cal. 1977).

"The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part,

has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence . . . . It depends on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. . . . But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law . . . ." *Builders Supply Co. v. McCabe,* 366 Pa. 322, 325-28, 77 A.2d 368, 370-71 (1951) (emphasis in original).

In *Melburn v. Walker,* 279 F. Supp. 740, 742 (D. Neb. 1968), Judge Van Pelt stated: "This court is of the opinion that when the Nebraska Supreme Court is squarely presented with the issue of whether or not to allow indemnity, it will decide in favor of allowing it, if in fact it has not already been adopted in the decisions mentioned. The rule allowing indemnity is well recognized and is of widespread acceptance. . . . In addition, it can be persuasively argued that Nebraska has already adopted the policy of indemnity, in fact if not in name. In Emerson v. Western Seed & Irr. Co., 116 Neb. 180, 216 N.W. 297, 56 A.L.R. 327 (1927), the court adopted the principle of indemnity in a respondeat superior case."

Of course, in *Royal Ind. Co. v. Aetna Cas. & Sur. Co.,* 193 Neb. 752, 229 N.W.2d 183 (1975), we rejected the longstanding rule against contribution between negligent joint tort-feasors and adopted the "general rule . . . that one who is compelled to pay or satisfy the whole or bear more than his just share of a common burden or obligation, upon which several persons are

equally liable or which they are bound to discharge, is entitled to contribution against the others . . . ." *Id.* at 756, 229 N.W.2d at 185.

Perhaps it could be argued that the liability imposed upon the general contractor by the terms of § 48-116 is joint and several with that of the primary employer and, therefore, the plaintiff is only entitled to contribution. However, it is our opinion that the statute imposing joint and several liability on the various contractors is for the sole "benefit of the injured workman, and in no way determines as between them which is primarily liable, because their liability is fixed purely for the injured workman." *Tayloe Paper Co. v. Jameson*, 211 Tenn. 232, 238, 364 S.W.2d 882, 885 (1963).

Where the statute making a contractor jointly and severally liable with its subcontractor for workmen's compensation benefits due an employee of the latter fails to provide any method whereby the liability is to be fixed as between the two employers, the question of any right of the one to recover from the other must be determined on equitable principles. *Tayloe Paper Co. v. Jameson, supra.*

We hold that, between the plaintiff contractor and the defendant subcontractor, the liability of the latter should be regarded as primary and that of the former as secondary. Whether the one employer is to be regarded as the surety for the other, or as a quasi-guarantor for the compensation, or otherwise, Duffy and its insurer have been obligated by the award and have been forced to pay compensation which logically and equitably should have been made by Pistone, the only actual employer of the injured workman. *Johnson v. Mortenson*, 110 Conn. 221, 147 A. 705 (1929).

The question then turns to whether Duffy is entitled to indemnification for the amount paid pursuant to the "Receipt and Assignment" settlement, or whether it is limited to the amount of the Workmen's Compensation Court award. It must be pointed out that the

"Receipt and Assignment," which evidenced the agreement between Duffy and Spencer, was filed with the District Court and made an exhibit in the case at bar. However, there is no evidence in the record that the settlement was approved by the Workmen's Compensation Court, or a district court, or even that an application was filed for approval. Neb. Rev. Stat. § 48-136 (Reissue 1978) provides that the parties have a right to settle matters of compensation between themselves; however, they must file a copy of such settlement with the compensation court, and no such settlement is binding unless it is in accord with the workmen's compensation act. Neb. Rev. Stat. § 48-140 (Reissue 1978) further states that no settlement shall be final unless it is in conformity with the act, and approved by a finding of the compensation court, and a district court or any appellate court. See, also, *Miller v. Schlereth,* 151 Neb. 33, 36 N.W.2d 497 (1949). Such agreements not in conformity with the act have been held to be void and of no effect. *James v. Rainchief Constr. Co.,* 197 Neb. 818, 251 N.W.2d 367 (1977); *Duncan v. A. Hospe Co.,* 133 Neb. 810, 277 N.W. 339 (1938). Pistone cannot be bound by an agreement that is not even binding on the parties to the agreement.

Indemnification in favor of a statutory employer and against the actual employer under the Nebraska workmen's compensation act is limited to all sums which the former has paid in good faith upon a matured obligation or has been forced to pay in satisfaction of a compensation award. *Johnson v. Mortenson, supra.* The amount which Duffy would be entitled to collect from Pistone by way of indemnification is limited to the amount of the unpaid award for medical bills, the sum of $2,140.33.

Pistone, in effect, has already paid that portion of the award representing temporary disability when it paid Spencer his regular wages of $240 per week for 15 weeks, for which the compensation court gave Pistone credit. "The amount of the credit is not the

amount of wages paid, but the amount of compensation due for the particular week. . . . In other words, the credit is for the week, not for a number of dollars, and the excess cannot be carried over as a credit against other weeks of liability." 2 Larson, Workmen's Compensation Law § 57.47 (1980). Therefore, Pistone was given credit for the 15 weeks of temporary total disability ordered by the award.

There being no dispute of fact, the judgment of the District Court is reversed and the cause is remanded, with directions to enter a judgment in favor of the plaintiff and against the defendant, in the amount of $2,140.33.

REVERSED AND REMANDED WITH DIRECTIONS.