[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff (CIB), a general contractor, has brought this action against the defendant (Strogoff), a subcontractor, for "reimbursement by way of indemnification" (Revised complaint, paragraph 13) for workers' compensation benefits that Strogoff had originally been ordered to pay to one of its employees who had been injured on a job subcontracted by CIB to Strogoff, but which were ultimately paid by CIB as "principal employer" pursuant to 31-291
of the General Statutes because Strogoff as its subcontractor did not carry insurance as required by the workers' compensation act.
The defendant has filed a motion for summary judgment stating "that there is no genuine issue as to any material fact and [that he] is entitled to judgment as a matter of law." The specific basis for the motion as articulated in his memorandum in support of the motion (pp. 8-9) is that the plaintiff "has attempted to allege a cause of action in indemnity but [has] failed to plead the necessary elements."
The only Supreme Court decision cited by the defendant as authority for his assertion that a motion for summary judgment may properly be used to challenge the legal sufficiency of a complaint is Boucher Agency, Inc. v. Zimmer, 160 Conn. 404. However, the Appellate Court, in a decision released shortly after the filing of the defendant's brief, held that "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 772.
The court noted that although Boucher "seems to indicate" that a motion for summary judgment can be used to test the legal sufficiency of the complaint, "the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous." Id. n. 9. Despite the questionable validity of the procedural vehicle used by the defendant to challenge the sufficiency of the plaintiff's complaint, his legal claims will nevertheless be considered on their merits and his motion for summary judgment will be treated as the functional equivalent of a motion to strike.
Section 31-291 of the General Statutes provides in part that a CT Page 9715 "principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor." "The special purpose of [31-291] is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." Bello v. Notkins, 101 Conn. 34 at 38.
Although "[t]he legislature also might have expressly prescribed and conferred a right of action by a principal or principal contractor against a contractor or subcontractor, to recover compensation paid by the former, or a right to indemnity therefor [as has been done in other states] no such provision has been made or attempted in [this state]." Johnson v. Mortenson,110 Conn. 221 at 226. In the absence of any statutory direction as to the respective rights and liabilities of the general contractor and the subcontractor, the Supreme Court in Johnson held that the general contractor was entitled to obtain reimbursement where he had been required to pay money which the subcontractor was under a primary duty to pay. Id. 230.
Nebraska, like Connecticut, has a statute which imposes liability upon a general contractor where a subcontractor fails to pay benefits to his employees, but does not provide that the subcontractor must reimburse the general contractor. Duffy Brothers Construction Company v. Pistone Builders, Inc.,299 N.W.2d 170, 172 (Neb. 1980). In Duffy Brothers, the Supreme Court of Nebraska cited with approval and followed the rationale of Johnson v. Mortenson, supra, and held that because the liability of the subcontractor was primary and that of the general contractor was secondary the plaintiff was entitled to reimbursement because it had been "forced to pay compensation which logically and equitably should have been made by [the subcontractor who was] the only actual employer of the injured workman." Id. 173.
For the foregoing reasons the court finds that the complaint states a cause of action for "reimbursement by way of indemnification" because the plaintiff is entitled under equitable principles `to be reimbursed or indemnified to the amount of his loss [by the defendant] whose liability is prior to his own.' Johnson v. Mortenson, supra, 229.
Accordingly, the defendant's motion for summary judgment is denied. CT Page 9716