Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/16/2021 08:07 AM CDT

- 581 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

Emmet Wright, Personal Representative of
the Estate of Gerardo Navarro Robles, deceased,
and Veronica Ramirez, as dependent of Gerardo
Navarro Robles, deceased, appellants, v. H & S
Contracting, Inc., and Travelers Property
Casualty Company of America, its
workers' compensation insurance
carrier, appellees.

___ N.W.2d ___

Filed March 9, 2021.    No. A-20-175.

1. **Workers' Compensation: Appeal and Error.** An appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. On appellate review, the factual findings made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

3. **Workers' Compensation: Judgments: Appeal and Error.** In testing the sufficiency of the evidence to support the findings of fact in a workers' compensation case, an appellate court considers the evidence in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the appellate court gives the successful party the benefit of every inference reasonably deducible from the evidence.

4. **Employer and Employee: Independent Contractor: Master and Servant.** A person's status as an employee or an independent contractor is a question of fact; however, where the facts are not in dispute and where the inference is clear that there is, or is not, a master and servant relationship, the matter is a question of law.

- 582 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

5. **Employer and Employee: Independent Contractor.** There is no single test for determining whether one performs services for another as an employee or as an independent contractor; rather, the following factors must be considered: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the time or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business.

6. **Workers' Compensation: Employer and Employee: Independent Contractor.** The protections provided under Neb. Rev. Stat. § 48-116 (Reissue 2010) are to ensure that companies cannot use subcontractors to absolve them of the responsibility to ensure that employees are properly insured under the Nebraska Workers' Compensation Act.

Appeal from the Workers' Compensation Court: James R. Coe, Judge. Affirmed.

Justin High, of High & Younes, L.L.C., for appellants.

James D. Garriott and, on brief, John A. McWilliams, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee H & S Contracting, Inc.

CeCelia C. Ibson, of Ibson Law Firm, for appellee Travelers Property Casualty Company of America.

Riedmann, Bishop, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Gerardo Navarro Robles (Robles) was installing roofing/siding when he fell from the roof, sustained injuries, and later died. The personal representative of his estate and Robles' widow sought workers' compensation benefits, claiming that

- 583 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

the contractor who hired him was either his employer or his statutory employer. The Nebraska Workers' Compensation Court determined that Robles was an independent contractor and that the contractor who hired him was not obligated to provide benefits. Finding no error by the compensation court, we affirm.

BACKGROUND

H & S Contracting, Inc. (H&S), hired Robles to perform siding work on a jobsite. While working on September 29, 2015, he fell from the roof. His fall paralyzed him from the neck down, and this injury ultimately contributed to his death on August 8, 2018. Emmet Wright, the personal representative of Robles' estate, and Veronica Ramirez, Robles' widow (collectively the appellants), brought a workers' compensation claim against H&S. The appellants claim either that Robles was an employee of H&S or that H&S was his statutory employer. H&S denied the allegations, affirmatively alleging that Robles was not its employee.

Testimony during the workers' compensation hearing showed that at the time of his accident, Robles owned his own roofing company, Navarro Roofing, and always represented himself as the owner of the company. Robles performed jobs for H&S intermittently since 2008. He sent H&S an invoice for each project he completed. H&S paid Robles per job, based on its size, as opposed to an hourly wage that it paid to its employees. H&S issued him a 1099 tax form for each year, including the year 2015; it never issued him a W-2 tax form. Robles was free to turn down a job from H&S and could freely work for another company, which he periodically did.

Navarro Roofing had its own checking account and filed tax returns. Robles deducted substantial business expenses for vehicles, contract labor, and insurance. He also depreciated and amortized certain business equipment. He indicated on his federal tax returns from 2010 through 2013 that he was an independent contractor by filing a self-employment tax form. Despite being urged by his insurance agent to purchase

- 584 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

workers' compensation insurance, Robles consistently refused. He did, however, carry general liability insurance.

H&S did not supervise Robles or his work crew on how to complete a job; rather, Robles supervised his own crew. H&S did, however, ensure that the job was completed and that work materials were cleaned up at the jobsite. It would also do a quality control inspection and check on the job periodically if supervisors had time to do so. Additionally, H&S did not set Robles' hours or work schedule and did not control how he completed the work, although he was expected to follow the customer's expectations and manufacturer warranties for each job.

H&S supplied the materials and items such as trailers and nails for each job. However, Robles supplied his own tools and equipment, including "ladders, scaffolding, nail guns, compressors" and "a hammer" and "nail pouch."

The insurance agent for H&S at all relevant times was also the insurance agent for Navarro Roofing. On or about September 9, 2015, her office received a request from Travelers Property Casualty Company of America (Travelers), H&S' workers' compensation insurance carrier, asking for Robles' certificate of workers' compensation insurance. Her office forwarded a certificate of insurance that inadvertently indicated that Navarro Roofing carried workers' compensation insurance. Shortly thereafter, the insurance agent contacted Travelers to tell it that coverage was erroneously indicated. As a result, when Travelers performed its audit of H&S' payroll in August 2016, it recalculated H&S' insurance premium based upon payroll that included payments made to Robles. According to H&S' office manager, he contested the inclusion of payments to Robles, and Travelers issued a premium adjustment, based upon payroll that excluded payments made to Robles. H&S' office manager testified that H&S never paid the premium that included Robles' wages.

The compensation court determined that Robles was an independent contractor and dismissed his claim. The appellants filed a timely appeal.

- 585 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

## ASSIGNMENTS OF ERROR

The appellants assert, rephrased and renumbered, that the compensation court erred in (1) finding Robles was not an employee of H&S; (2) determining the statutory employer doctrine did not apply; and (3) finding that an insurer may treat an individual as an employee and collect a premium on that basis, but refuse to provide insurance coverage for him or her.

## STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2020), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Aboytes-Mosqueda v. LFA Inc.*, 306 Neb. 277, 944 N.W.2d 765 (2020).

[2,3] On appellate review, the factual findings made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* In testing the sufficiency of the evidence to support the findings of fact in a workers' compensation case, an appellate court considers the evidence in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the appellate court gives the successful party the benefit of every inference reasonably deducible from the evidence. *Id.*

## ANALYSIS

*Robles Was Not Employee*
*of H&S.*

The appellants claim the compensation court erred in determining that Robles was an independent contractor of H&S rather than its employee. We disagree.

- 586 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

[4] A person's status as an employee or an independent contractor is a question of fact; however, where the facts are not in dispute and where the inference is clear that there is, or is not, a master and servant relationship, the matter is a question of law. *Aboytes-Mosqueda v. LFA Inc., supra*.

[5] There is no single test for determining whether one performs services for another as an employee or as an independent contractor; rather, the following factors must be considered: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the time or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business. *Id.* See, also, *Larson v. Hometown Communications, Inc.*, 248 Neb. 942, 540 N.W.2d 339 (1995).

Many of these factors militate against a finding that Robles was an employee of H&S. The extent of control and supervision on the part of H&S was minimal, as testimony showed that H&S supervisors rarely oversaw Robles' work, and certainly not on a day-to-day basis. While supervisors would periodically check on Robles, he was left to manage his own work schedule, was allowed to supervise the work himself, and was never told how to complete a job.

The second factor in favor of Robles' being classified as an independent contractor is that Robles did business as "Navarro Roofing." His widow iterated in her testimony that he owned Navarro Roofing. This company had its own checking

- 587 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

account in that name, and Robles filed his tax returns under the business' name as a construction and roofing profession.

Robles also provided his own tools and instrumentalities for the work, indicating he was not H&S' employee. While H&S supplied the basic materials necessary to do the actual work, testimony indicated Robles supplied his own tools. This is also supported by his 2011 tax return, in which Robles indicated depreciation of equipment for Navarro Roofing. Therefore, this factor weighs in favor of Robles' being classified as an independent contractor.

The method of payment for Robles' work was per job rather than hourly. Testimony showed that H&S employees were paid hourly, while Robles was paid per job, depending upon the size of the job. Employees are normally compensated by the hour, and independent contractors are compensated by the job. See *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979). H&S' compensation of Robles per job favors Robles' status as an independent contractor.

No evidence exists that H&S and Robles intended to create an agency relationship. In fact, an H&S representative testified that H&S offered to hire Robles as an employee, but Robles refused because he liked his "winters off." H&S employees also testified they did not consider Robles to be an H&S employee. A lack of intent to create an agency relationship indicates Robles was more likely an independent contractor than an employee.

The appellants argue that the compensation court "incorrectly relied upon" and "incorrectly ignored" certain facts that were adduced at trial. Brief for appellants at 31, 32. However, findings of fact made by the compensation court after review have the same force and effect as a jury verdict and will not be set aside unless clearly erroneous. *Rogers v. Jack's Supper Club*, 304 Neb. 605, 935 N.W.2d 754 (2019). The majority of the factors, including the extent of control by Robles, Robles' engagement in a distinct occupation, the lack of supervision by H&S, Robles' supplying his own tools, H&S' paying Robles

- 588 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

per job, and the lack of indication that the parties believed they were creating an agency relationship, all weigh in favor of the compensation court's finding that Robles was an independent contractor.

Based upon the factors set forth in *Larson v. Hometown Communications, Inc., supra*, we conclude that the compensation court's factual determination was not clearly erroneous.

*H&S Was Not Robles'*
*Statutory Employer.*

The appellants argue the compensation court erred in dismissing their claim because the evidence showed H&S was a statutory employer under Neb. Rev. Stat. § 48-116 (Reissue 2010). Section 48-116 states:

> Any person, firm, or corporation creating or carrying into operation any scheme, artifice, or device to enable him or her, them, or it to execute work without being responsible to the workers for the provisions of the Nebraska Workers' Compensation Act shall be included in the term employer, and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of such act. This section, however, shall not be construed as applying to an owner who lets a contract to a contractor in good faith, or a contractor, who, in good faith, lets to a subcontractor a portion of his or her contract, if the owner or principal contractor, as the case may be, requires the contractor or subcontractor, respectively, to procure a policy or policies of insurance from an insurance company licensed to write such insurance in this state, which policy or policies of insurance shall guarantee payment of compensation according to the Nebraska Workers' Compensation Act to injured workers.

[6] The Nebraska Supreme Court has determined that "the protections provided under § 48-116 are to ensure that companies cannot use subcontractors to absolve them of the responsibility to ensure that employees are properly insured under

- 589 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

the Nebraska Workers' Compensation Act." *Aboytes-Mosqueda v. LFA Inc.*, 306 Neb. 277, 283, 944 N.W.2d 765, 770 (2020). See *Martinez v. CMR Constr. & Roofing of Texas*, 302 Neb. 618, 924 N.W.2d 326 (2019). As the Supreme Court explained:

> [I]t is clear from our case law and the language of § 48-116 that liability under § 48-116 presupposes that the injured worker was an "employee" of the subcontractor, to whom the subcontractor had an obligation to procure workers' compensation insurance protection. We have found liability under § 48-116 only when the claimant was an employee of the subcontractor and the principal contractor failed to require the subcontractor to carry the proper insurance. Thus, the applicability of 48-116 depends on whether or not [the injured party] is an employee . . . under the Nebraska Workers' Compensation Act.

*Aboytes-Mosqueda v. LFA Inc.*, 306 Neb. at 284, 944 N.W.2d at 771. Thus, the question we must address is whether Robles was an employee of Navarro Roofing as defined by statute.

Neb. Rev. Stat. § 48-115 (Reissue 2010) defines "employee" and "worker" synonymously, stating that "employee and worker are used interchangeably and have the same meaning throughout the Nebraska Workers' Compensation Act." Section 48-115(10) explains that "employee" and "worker" include "[e]ach individual employer, partner, limited liability company member, or self-employed person who is actually engaged in the individual employer's, partnership's, limited liability company's, or self-employed person's business on a substantially full-time basis who elects to bring himself or herself within the provisions of the Nebraska Worker's Compensation Act." Testimony from multiple witnesses confirmed that Robles was the owner of Navarro Roofing. He filed federal tax returns identifying himself as self-employed. Despite recommendations from his insurance agent to obtain workers' compensation insurance, he consistently declined.

Because Robles was a self-employed person engaged in his own self-employed business and elected not to bring

- 590 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

himself within the Nebraska Workers' Compensation Act, he is
not considered an employee as defined in § 48-115. As such,
the statutory employer provision does not provide him cover-
age, because it affords protection for employees of a subcon-
tractor who were injured on the job. See § 48-116.

Specifically, the Supreme Court has found that under
§ 48-116,

> when a contractor fails to require a subcontractor to carry
> workmen's compensation insurance and an *employee of
> the latter* sustains a job-related injury, the contractor is
> a statutory employer and, with the immediate employer
> subcontractor, is jointly and severally liable to pay com-
> pensation under . . . the Workmen's Compensation Act.

*Rogers v. Hansen*, 211 Neb. 132, 136, 317 N.W.2d 905, 908
(1982) (emphasis supplied). See *Duffy Brothers Constr. Co. v.
Pistone Builders, Inc*., 207 Neb. 360, 299 N.W.2d 170 (1980).
Here, Robles was not an "employee of the latter." Rather, he
was self-employed as the owner of Navarro Roofing and chose
not to obtain workers' compensation insurance; therefore, he
does not fit within the purview of § 48-116.

*Travelers' Premium
and Coverage.*

The appellants assign as error that the compensation court
erred in finding that an "insurer may treat an individual as
an employee and collect premium on that basis, then refuse
to cover that individual when he sustains a catastrophic acci-
dent." They argue that "there is ample evidence premium was
collected based on . . . Robles's additional payroll and a lack
of evidence that payroll was returned." Brief for appellants
at 26.

The appellants ignore that there is a conflict in the evi-
dence as to whether H&S ever paid the increased premium.
Although the insurance agent testified that her file did not
contain any reference to a premium refund once the audit was
complete, H&S' office manager testified that he never paid
the increased premium. The court did not address this conflict

- 591 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
WRIGHT v. H & S CONTRACTING
Cite as 29 Neb. App. 581

in the evidence, focusing instead upon the facts that H&S requested Robles' earnings be removed prior to the date of his accident and that the amount of premium was reduced following its request. Because the court was considering potential payment of a premium as an "eleventh factor" of the 10-factor test set forth in *Larson v. Hometown Communications, Inc.*, 248 Neb. 942, 540 N.W.2d 339 (1995), we find no error weighing this factor in favor of a finding that Robles was an independent contractor.

The appellants take issue with the consideration of coverage as a factor of the *Larson* test, arguing the district court "failed to adequately consider the coverage issues argued in Appellants' closing brief and instead considered Travelers' conduct as an eleventh element of the Larson ten factor test." Brief for appellants at 25. The appellants' closing brief is not contained in our record; therefore, we are unable to assess whether the arguments advanced on appeal are the same as those made to the compensation court. Because our record does not contain any indication that arguments related to the specific provisions of Travelers' policy mandate coverage, we will not address such argument on appeal. See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016). The appellants also argue that Travelers' current position is inconsistent with the position it has taken in other litigation; however, because our record does not indicate that this argument was presented to the compensation court, we do not address it.

We find no error in the compensation court's determination that the underwriting and audit procedures presented in the record do not require a determination that Robles was an employee of H&S.

## CONCLUSION

For the aforementioned reasons, we affirm the order of the compensation court dismissing the appellants' complaint.

Affirmed.